IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PETER L. BASILE, | ) |
| Plaintiff, | ) Civil Action No. 2:12-cv-01847 |
| v. | ) Judge Mark R. Hornak |
| WESTMORELAND COUNTY, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**Mark R. Hornak, United States District Judge**

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint, ECF No. 7, pursuant to Fed. R. Civ. P. 12(b)(6). The Court has considered Plaintiff Peter Basile's Complaint, ECF No. 1, the pending Motion and Brief in support, ECF No. 8, and Plaintiff's Response in Opposition, ECF No. 9, and Supplemental Brief, ECF No. 12. For the reasons that follow, Defendant's motion is denied.

I.   **FACTUAL BACKGROUND**

Mr. Basile alleges that his employer, Westmoreland County, discriminated against him because of his age in violation of the Age Discrimination in Employment Act, as amended (ADEA). Title 29 U.S.C. § 621 *et seq.* When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept the factual allegations in the Complaint as true and draw all reasonable inferences in the Plaintiff's favor. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Therefore, for the purposes of the disposition of Defendant's Motion, the essential facts are as follows.

Mr. Basile worked for the Westmoreland County Park Police for thirty years, from 1982 until 2012. Most recently, he served as the Assistant Chief of Police. Compl. ¶ 7, ECF No. 1. Around March 26, 2012, Defendant terminated Mr. Basile at the age of 52, telling him his position was no longer necessary. *Id.* ¶¶ 4, 8. Mr. Basile was replaced by Aaron Goughnor, "who is [] substantially younger, less qualified, less senior and less experienced" than he. *Id.* ¶ 14. During proceedings with the Pennsylvania Human Rights Commission (PHRC), Defendant offered new and different reasons for Mr. Basile's termination other than those he was initially given, including a somehow improper conversation Mr. Basile had with a union member while being employed a management position, the fact that Mr. Basile had advocated for the removal of the Chief of Police's secretary, the fact that Mr. Basile looked at documents on the Police Chief's desk, and an assumedly poor performance evaluation of Mr. Basile that was unsigned and previously unknown to Mr. Basile. *Id.* ¶ 9. Mr. Basile filed suit in this Court on December 19, 2012, asserting a single count of unlawful discrimination in violation of the ADEA. ECF No. 1. Defendant moves to dismiss pursuant to Rule 12(b)(6) both Plaintiff's Complaint in its entirety, as well as Plaintiff's "claim" of willfulness more specifically. ECF No. 7.

## II. DISCUSSION

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The District Court must accept the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In short, a motion to dismiss should be granted if a party does

not allege facts which could, if established at trial, entitle him to relief. *See Fowler*, 578 F.3d at 211.

> To establish a prima facie case of age discrimination under the ADEA, [Plaintiff] must make a showing that: (1) she is forty years of age or older; (2) the defendant took an adverse employment action against her; (3) she was qualified for the position in question; and (4) she was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus.

*Burton v. Teleflex Inc.*, 707 F.3d 417, 426 (3d Cir. 2013). To prevail on his claim, a plaintiff must ultimately prove that age was the "but for" cause of the employer's adverse action. *Gross v. FBL Financial Servs.*, 557 U.S. 167, 177 (2009).

Defendant makes two arguments in support of its Motion: first, that Plaintiff's Complaint in its entirety should be dismissed under the *Twiqbal*[1] standard, because Plaintiff did not specifically allege certain details such as the exact age of his replacement, Mr. Goughnor, nor allege other "non-speculative and non-conclusory allegations" that could support a claim of discrimination, Def.'s Br. Support Mot. Dismiss at 7, ECF No. 8; and second, that Plaintiff's "claim" that Defendant's conduct was willful under the ADEA should be dismissed now, just as this case gets going, *id.* at 3.

Defendant's first argument rings hollow, as *Twombly*'s standards are not as stringent as Defendant would have them. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 320 n.18 (3d Cir. 2010) ("The touchstone of Rule 8(a)(2) is whether a complaint's statement of facts is adequate to suggest an entitlement to relief under the legal theory invoked and thereby put the defendant on notice of the nature of the plaintiff's claim.") (citing *Twombly*, 550 U.S. at 565 n.10)). Here, Mr. Basile has plausibly pled a case for discrimination under the ADEA. He plainly meets the age and adverse employment action requirements, his qualifications can be

---

[1] "*Twiqbal*" refers to the civil pleadings standards as expounded by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

readily inferred from the fact that he was a thirty-year employee of the Westmoreland County Park Police, and he has named a specific individual who replaced him (one presumably well known to Defendant), whom he alleges to be "substantially younger" and also less qualified. Therefore, within the scenario set out here, Plaintiff is not required to plead the exact age of his already-named replacement in order to survive a motion to dismiss.

Moreover, Plaintiff's allegations of his employer's shifting explanations of the reasons for his termination also support a "non-speculative and non-conclusory" plausible inference that those proffered reasons were therefore pretextual, and that therefore he was discriminated against in violation of the ADEA. *See Burton*, 707 F.3d at 427 (an employee proves pretext by "demonstrat[ing] such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence, and hence infer that the employer did not act for the asserted non-discriminatory reason") (quoting *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994)) (internal marks omitted). Therefore, Mr. Basile's allegations rise well beyond the level of "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that fail the *Twiqbal* test, and state a plausible claim of an ADEA violation. *Fowler*, 578 F.3d at 210 (quoting *Iqbal*, 556 U.S. at 678).

Turning to Defendant's second argument regarding willfulness, the Court concludes that it is premature. As another member of this Court recently explained in a case involving this same Defendant,

> the United States Court of Appeals for the Third Circuit has held that the issue of whether an ADEA violation is willful depends not on any additional proof adduced by a plaintiff in excess of the evidence required to sustain an ADEA claim but whether the facts of the case meet the legal definition of willfulness, i.e., did the employer know or show a reckless disregard for the fact that its conduct was prohibited by the ADEA? *See Starceski v. Westinghouse Elec. Corp.*,

54 F.3d 1089, 1099 (3d Cir.1995) (quoting *Hazen Paper Co. v. Biggins,* 507 U.S. 604, 617 (1993) ("An ADEA violation is willful if the employer either '[]knew or showed reckless disregard for the matter of whether its conduct was prohibited by the ADEA' " and such determination does not require additional evidence than is required to prove the substantive ADEA claim). Therefore, the Court finds that dismissal would not be appropriate on a Rule 12(b)(6) motion in light of the arguments raised by Defendants.

*Zampogna v. Sheriff of Westmoreland Cnty., Pa.,* CIV.A. 13-233, 2013 WL 1909146, at *2 (W.D. Pa. May 8, 2013). The Court agrees with Judge Fischer's reasoning in *Zampogna,* and holds that here, Defendant's attempt to strike Plaintiff's "claim" of willfulness simply comes too early in the game, and that it is "more appropriately addressed in the context of a well-supported motion for summary judgment or, if there are genuine disputes of material facts, argued to the jury at trial," once more facts have been adduced. *Id.*

For these reasons, Defendant's Motion to Dismiss is denied. An appropriate order will issue.

Mark R. Hornak
United States District Judge

Dated: June 19, 2013

cc: All counsel of record